United States District Court
Southern District of Texas
FILED

OCT 25 2012

Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| vs. | § § | CRIMINAL NO. M-11-396-7 |
| SANTOS ISIDRO DE LA PAZ | § § § | |

## REPORT & RECOMMENDATION

Defendant filed an untimely notice of direct appeal from the criminal judgment. (Dkt. Entry No. 293.) The Court of Appeals for the Fifth Circuit remanded this case for the purpose of determining whether Defendant's untimely notice of appeal was due to excusable neglect or good cause under Rule 4(b)(4) of the Federal Rules of Appellate Procedure.[1] (Dkt. Entry No. 311.) This matter was referred to the undersigned.

The undersigned respectfully recommends that the District Court find that Defendant's untimely filing of notice of direct appeal was not due to excusable neglect or good cause. As a result, it is recommended that Defendant's pending motion to proceed in forma pauperis ("IFP") on appeal (Dkt. Entry Nos. 305; 309) be denied as moot. Finally, it is recommended that this case be returned to the United States Court of Appeals for the Fifth Circuit for further proceedings, pursuant to the remand order (Dkt. Entry No. 311 at 2), following the District Court's final disposition of this matter.

---

[1] The Fifth Circuit determined that Defendant's notice of appeal was filed within the 30-day window in which a district court is authorized to extend the period of time for filing notice of appeal upon a showing of good cause or excusable neglect, see FED. R. CRIM. P. 4(b)(4).

1

## I. APPLICABLE LAW & ANALYSIS

Defendant proceeds pro se. Pro se pleadings are held to less stringent standards than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Pleadings filed by a pro se litigant are entitled to a liberal construction. *United States v. Pena*, 122 F.3d 3, 4 (5th Cir. 1997) (citing *Nerren v. Livingston Police Dep't*, 84 F.3d 469, 473 n.16 (5th Cir. 1996)).

Under the remand order and the liberal standards of construction applied to pro se pleadings, Defendant's "notice of appeal" is properly construed as a motion to extend the time for filing notice of appeal under Rule 4(b)(4) of the Federal Rules of Appellate Procedure. *See United States v. Awalt*, 728 F.2d 704, 705 (5th Cir. 1984) (explaining that the court has traditionally construed a pro se notice of appeal filed after the [now] 14-day period for filing notice of appeal but before the expiration of [now] 44 days—fourteen plus thirty—as a motion for determination as to whether excusable neglect entitles a defendant to an extension of time to appeal). Pursuant to an order by the undersigned, Defendant was given an opportunity to respond in this matter, and he filed a letter attempting to explain why his notice of appeal was not filed on time. (Dkt. Entry No. 312.)

Defendant's notice of appeal is dated May 30, 2012, and post-marked May 31, 2012. (Dkt. Entry No. 293 at 1–2.) It was received by the clerk on June 4, 2012. (*Id.* at 1.) The Fifth Circuit indicated in its remand order that Defendant's pro se notice of appeal was filed on June 4, 2012. (Dkt. Entry No. 311 at 1.)

The docket sheet reveals that the criminal judgment was entered on May 11, 2012. (Dkt. Entry No. 287.) In order to have filed a timely notice of appeal, Defendant was required to file his notice not later than fourteen days after the criminal judgment was entered, or not later than May 25, 2012. *See* FED. R. APP. P. 4(b)(1)(A) (setting a 14-day period for filing notice of appeal in a criminal

2

case) (West 2012); FED. R. APP. P. 26(a)(1)(B) (explaining that weekends and holidays are included when calculating the 14-day period) (West 2012). Defendant failed to do so.

Upon a finding of "excusable neglect" or "good cause," section 4 of Rule 4(b) permits a district court, with or without motion, to extend the time to file notice of appeal for a period not to exceed 30 days from the expiration of time otherwise prescribed by Rule 4(b). FED. R. APP. P. 4(b)(4). Extensions of time under Rule 4(b)(4) are reviewed for abuse of discretion. *United States v. Clark*, 193 F.3d 845, 846 (5th Cir. 1999).

By all appearances and pursuant to the remand order, Defendant's liberally-construed request to extend the time for filing notice of appeal was timely filed within the 30-day window following the appellate deadline. (*See* Dkt. Entry Nos. 293; 311.) The only remaining issue is whether Defendant has shown the requisite excusable neglect or good cause to warrant an extension.

Neglectful late filings may result from inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993). In determining whether the neglect is excusable under this rule, a court should take account of all relevant circumstances, including the possible prejudice to the non-filing party, the length of the delay and the impact on judicial proceedings, the reason for the delay, and whether the defendant acted in good faith. *Id.* at 395. The Fifth Circuit has emphasized that, under *Pioneer*, the standard is not an inflexible one. *United States v. Clark*, 51 F.3d 42, 43–44 (5th Cir. 1995). Although there is no specific test for "good cause," it is generally a more lenient standard. *See Britt v. Whitmire*, 956 F.2d 509, 511 (5th Cir. 1992).

In his letter, Defendant provides two reasons for his untimely notice of appeal. First, Defendant writes that he was required to pay the appellate filing fee or submit an application to

3

proceed IFP, but he did not receive the IFP paperwork at the Houston Detention Center, which arrived there about June 14, and only received it later on July 2, 2012, at the Eden Detention Center. (Dkt. Entry No. 312 at 1.) Second, he states that, after the paperwork arrived, he had to request from prison authorities proof of his inmate trust fund balance, which took about a week, and provide that information with his IFP application. (*Id.*) The undersigned observes that the government has not filed anything signaling its opposition to an extension.

Having considered the allegations and the factors under *Pioneer*, the undersigned concludes that Defendant has not demonstrated the requisite excusable neglect or good cause to justify an extension of Rule 4(b)(4). *See Pioneer Inv. Servs. Co.*, 507 U.S. at 388 (stating that the finding of good cause or excusable neglect under Rule 4(b)(4) is governed by equitable considerations, including the possible prejudice, the length of the delay and the impact on judicial proceedings, the reason for the delay, and whether the movant has acted in good faith). Defendant's reasons for the delay—that he was waiting to receive IFP paperwork and his trust fund account balance— do not really explain why his notice of appeal was untimely. These delays occurred largely in June and July of 2012, *after* he filed his pro se notice of appeal, which was dated May 30, 2012 and post-marked in Houston on May 31, 2012. Notwithstanding these delays and the absence of an IFP application, Defendant was still able to draft and submit his notice of appeal at the end of May. In sum, Defendant does not describe, nor does the record reveal, any circumstances demonstrating the requisite good cause or excusable neglect in order to warrant an extension under Rule 4(b)(4).

In light of the foregoing, the undersigned recommends that the Court find that Defendant has not shown good cause or excusable neglect under Rule 4(b)(4) and that an extension is not justified.

## II. CONCLUSION

### *Recommended Disposition*

After careful review of the record and the applicable law, the undersigned respectfully recommends that the District Court find that Defendant has not shown good cause or excusable neglect to permit an extension under Rule 4(b)(4). As a result, it is recommended that Defendant's pending motion to proceed IFP on appeal (Dkt. Entry Nos. 305; 309) be denied as moot. Finally, it is further recommended that this case be returned to the United States Court of Appeals for the Fifth Circuit for further action, pursuant to the remand order (Dkt. Entry No. 311 at 2), following the District Court's final disposition of this matter.

### *Notice to the Parties*

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. A party may respond to another party's objections within 14 days after being served with a copy thereof. The district judge to whom this case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

The clerk of this Court shall forward a copy of this document to Defendant and the representative for the United States by any receipted means.

**DONE** at McALLEN, Texas, this 25th day of October, 2012.

*Dorina Ramos*
Dorina Ramos
UNITED STATES MAGISTRATE JUDGE
